# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0697V
Filed: January 31, 2019
UNPUBLISHED

|  |  |
|---|---|
| JOSEPH L. WHEATLEY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Anthony P. Ellis*, Ellis Law Group, PLLC, Louisville, KY, for petitioner.
*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

On May 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the tetanus, diphtheria, pertussis ("Tdap") vaccine he received on August 15, 2016. Petition at 1, ¶¶ 2, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 13, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA. On January 31, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $117,924.67,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $424.00 in first year life care expenses, $2,575.80 in lost wages, $110,000.00 in pain and suffering, and $4,924.87 in past unreimbursable expenses, and an amount sufficient to purchase an annuity contract as described in Section II.B. of the Proffer.  Proffer at 1-4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* at 1-3.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

**A. A lump sum in the amount of $117,924.67, representing compensation in the amount of $424.00 for life care expenses in the first year after judgment, compensation in the amount of $2,575.80 for lost wages, compensation in the amount of $110,000.00 for pain and suffering, and compensation in the amount of $4,924.87 for actual unreimbursable expenses, in the form of a check payable to petitioner, Joseph L. Wheatley;**

**B. An amount sufficient to purchase the annuity contract described in Proffer Section II.B.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                              **s/Nora Beth Dorsey**
                                                              Nora Beth Dorsey
                                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

JOSEPH L. WHEATLEY,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 17-697V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, CDDN, CLCP, to provide an estimation of Joseph L. Wheatley's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed April 12, 2018. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Joseph L. Wheatley, attached hereto as Tab A.[1] Respondent proffers that Joseph L. Wheatley should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.     Lost Earnings

The parties agree that based upon the evidence of record, Joseph L. Wheatley has suffered past loss of earnings. Therefore, respondent proffers that Joseph L. Wheatley should be

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Joseph L. Wheatley's lost earnings is $2,575.80. Petitioner agrees.

  C. <u>Pain and Suffering</u>

Respondent proffers that Joseph L. Wheatley should be awarded $110,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Joseph L. Wheatley's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,924.87.

**II.** **Form of the Award**

The parties recommend that the compensation provided to Joseph L. Wheatley should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $117,924.67, representing compensation for life care expenses expected to be incurred during the first year after judgment ($424.00), lost earnings ($2,575.80), pain and suffering ($110,000.00), and past unreimbursable expenses ($4,924.87), in the form of a check payable to petitioner, Joseph L. Wheatley.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Joseph L. Wheatley, only so long as Joseph L. Wheatley is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.  Growth Rate

Respondent proffers that a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Joseph L. Wheatley, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Joseph L. Wheatley's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

### III. **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Joseph L. Wheatley: **$117,924.67**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Colleen C. Hartley*
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

Dated: January 31, 2019

**Appendix A: Items of Compensation for Joseph L. Wheatley**   Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-7 | Compensation Years 8-Life |
|---|---|---|---|---|---|---|
| | | | | 2019 | 2020-2025 | 2026-Life |
| Medicare Part B Deductible | 5% | | | | | 183.00 |
| Medigap | 5% | | M | | | 1,245.96 |
| Orthopedist | 5% | * | | 250.00 | | |
| Diagnostic Tests | 5% | * | | 174.00 | | |
| Shoulder Surgery | 5% | * | | | | |
| Lost Future Earnings | | | | 2,575.80 | | |
| Pain and Suffering | | | | 110,000.00 | | |
| Past Unreimbursable Expenses | | | | 4,924.87 | | |
| Medicaid Lien | | | | | | |
| Annual Totals | | | | 117,924.67 | - | 1,428.96 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($424.00), lost earnings ($2,575.80), pain and suffering ($110,000.00), and past unreimbursable expenses ($4,924.87): $117,924.67.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.