# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-0697V
Filed: May 17, 2019
UNPUBLISHED

|  |  |
|---|---|
| JOSEPH L. WHEATLEY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Anthony P. Ellis, Ellis Law Group. PLLC, Louisville, KY,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On May 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the tetanus, diphtheria, pertussis ("Tdap") vaccine he received on August 15, 2016. Petition at 1, ¶¶ 2, 23. On January 31, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 42.)

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 29, 2019, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47.) Petitioner requests attorneys' fees in the amount of $42,629.70 and attorneys' costs in the amount of $1,925.00. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* Thus, the total amount requested is $44,554.70.

On March 29, 2019, respondent filed a response to petitioner's motion. (ECF No. 48.) Respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

That same day, Petitioner's counsel notified the staff attorney managing this case that petitioner did not intend to file a reply. *See* Informal Remark, dated March 29, 2019.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**II.     Discussion**

   A. Attorney Fees

      i.     Hourly Rates

Petitioner requests compensation for the attorneys who worked on his case at the following rates: Anthony Ellis, Esq., at rates from $300 - $354 per hour, Kevin Adams, Esq., at rates from $330 - $390 per hour and for the paralegals and law clerks at rates from $125 - $132 per hour for all time worked.  The undersigned finds the requested rates for all of the paralegals and law clerks reasonable and awards them herein.

However, the undersigned finds the requested rates for Mr. Ellis and Mr. Adams excessive based on their overall legal experience, the quality of work performed, and their lack of experience in the Vaccine Program.  *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

   1. Anthony P. Ellis, Esq.

Mr. Ellis has been licensed since 2006.[3]  This places him in the range of attorneys with 8-10 years of experience for time billed in 2016 and in the range of attorneys with 11-19 years of experience for time billed in 2017 - 2019.  Given Mr. Ellis' inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate.[4]  *See McCulloch,* 2015 WL 5634323, at *17.  Mr. Ellis' requested rates are within the correct ranges, however they are at the top of each range.  Mr. Ellis lacks the experience in the Vaccine Program to support the requested rate per the OSM Attorney's Forum Hourly Rate Schedules.   Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Ellis' requested hourly rates are reduced to the following:

- $275 per hour for work performed in 2016,

---

[3] This information was provided by Mr. Ellis during a status conference with Mr. Ellis, counsel for Respondent and the OSM attorney managing the case.  *See* Minute entry date April 26, 2019.

[4] This was Mr. Ellis' first case in the Vaccine Program. Currently, Mr. Ellis has two open cases pending.

- $307 per hour for work performed in 2017,
- $317 per hour for work performed in 2018, and
- $327 per hour for work performed in 2019.

This results in a reduction of reduction of attorney fees requested in the amount of **$2,510.00**.[5]

### 2. Kevin Adams, Esq.

As with Mr. Ellis, attorney Kevin Adams requested hourly rates are within the appropriate experience range, but at the top end of the range. Mr. Adams has been a licensed attorney since 2001, which places him in the range of attorneys with 11 – 19 years of experience through the duration of this case. Given that Mr. Adams appears to have participated in this case in more of a consulting role and is not barred in the Court of Federal Claims, a reduction of the requested rate is deemed appropriate. *See McCulloch*, 2015 WL 5634323, at *17  (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Adams hourly rates are reduced to the following:

- $300 per hour for work performed in 2016
- $307 per hour for work performed in 2017,
- $317 per hour for work performed in 2018, and
- $325 per hour for work performed in 2019.

This results in a reduction of reduction of attorney fees requested in the amount of **$270.55**.[6]

### ii.     Paralegal Tasks

Upon review of the billing records submitted, several tasks are billed at the attorney rate for tasks considered paralegal work. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task

---

[5] This amount consists of ($300 - $275 = $25 x 20.9 hrs = $522.50) + ($327 - $300 = $27 x 34.8 hrs = $696) + ($337 - $317 = $20 x 50.4 hrs = $1,008) + ($354 - $327 = $27 x 10.5 hrs = $283.50) = $2,510.00.

[6] This amount consists of ($550 - $300 = $250 x 13.45 hrs = $3,362.50) + ($550 - $330 = $220 x 2.70 hrs = $594) = $3,956.50.

performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples[7] of these entries include:

- March 21, 2017 (4.6 hrs) "Finalized draft petition and exhibits"
- September 20, 2017 (2.1 hrs) "Reviewed guidelines for filing and prepare revised filing documents for Wheatley"
- September 21, 2017 (1.1 hrs) "TC with US Attorney. Processed exhibits and documents and filed same. Filed statement of Completion.
- November 20, 2018 (0.4 hrs) "FINALLY got through to Metro Specialty Surgery Center re updated billing records; obtained same forwarded to govt. counsel"

ECF No. 47-2 at 2 and 5.

The undersigned reduces the hourly rate on the entries that are considered paralegal to $128 per hour for 2017 and $132 per hour for 2018. This reduces the request for attorney's fees in the amount of **$1,439.00**.[8]

B. Travel Time

Multiple billing entries reflect, Mr. Ellis billing for time travel at his full hourly rate. These entries include:

- February 6, 2017 (3.8 hrs) "Prepared for mtg with Dr. Smith re Wheatley surgery; traveled to and attended meeting re same; prepared memo re same"
- May 1, 2017 (3.0 hrs) "Traveled to and met with Dr. Smith re affidavit"
- June 25, 2018 (3.0 hrs) "Travel to meeting with Dr. Smith. Met with Dr. Smith re Wheatley. Returned to office"

ECF No. 47-2 at 2 and 4.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27,

---

[7] These are merely examples and not an exhaustive list.

[8] This amount consists of the already reduced hourly rate of ($300 - $125 = $175 x 7.8 hours = $1365) + ($317 - $132 = $185 x 0.4 hrs = $74) = $1,439.00.

2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* However, Mr. Ellis block billed these entries to include his travel time with the meeting time. As the undersigned cannot differentiate the amount of time billed on just travel, each entry will be reduced by 25%. This results in an overall reduction of **$759.65**.[9]

### C. Excessive and Duplicative Billing

Upon review of the billing entries, attorney Kevin Adams billed for one telephone call and meeting with the petitioner. The remaining entries were for time billed to meet with the attorney of record, Anthony Ellis. (ECF No. 47-3 at 1.) The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The billing records shows that no substantive work was performed by Mr. Adams regarding the progress of this case. The undersigned reduces the request for attorney fees by **$1,412.45**[10], the total amount of the entries billed for meeting with the attorney of record.

### D. Non-Compensable Billing

Mr. Ellis billed over 10 hours of time spent on tasks which are not reimbursable. These tasks include time spent contacting references and obtaining admission to the Bar Association for the Court of Federal Claims, contacting experts, and researching the Vaccine Program. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*,

---

[9] This amount consists of ($307 x 6.8 hrs = $2,087.60) + ($317 x 3 hrs = $951) = $3,038.60 x .25 = $759.65.

[10] This amount consists of ($300 x 1.2 hrs = $360) + ($307 x 1.35 hrs = $414.45) + ($317 x 1.5hrs = $475.50) + ($325 x 0.5 hrs = $162.50) = $1,412.45.

No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Examples of these entries include:

- September 21, 2016 (0.8 hrs) TC with Craig Duae re similar Vaccine injury case and determination whether to purse claim via VICP or med mal
- October 27, 2016 (0.7 hrs) "TC with William Ronan re admission to Federal Court of Claims and prior vaccine injuries related to shoulder vaccine injection complications"
- December 28, 2016 (1.3 hrs) "Coordinated all records necessary for admission to Federal Court bar and sent packet"
- May 24, 2017 (1.2 hrs) "Coordinated completion of ECF registration, spoke with clerk re same, prepared documents for final filing"

ECF No. 47-2 at 1-2.

The undersigned reduces the fee request by **$2,923.40**.

### III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,925.00.  On April 25, 2019, petitioner filed an invoice from Dr. Bodor, reducing the original request of Dr. Bodor's payment from $600.00 to $375.00.  ECF No 49.  This reduces the overall request for attorney costs in the amount of **$225.00**.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $42,629.70 |
| Less reduction for Anthony Ellis' Rate: | - 2,510.00 |
| Less reduction for Kevin Adams' Rate: | - 270.55 |
| Less reduction for Paralegal Rates: | - 1,439.00 |
| Less reduction for travel entries: | - 759.65 |
| Less reduction for excessive billing: | - 1,412.45 |
| Less entries considered non-compensable: | - 2,923.40 |
| **Adjusted Fees Total:** | **$33,314.65** |
| | |
| Requested attorney costs: | $1,925.00 |
| Reductions | - 225.00 |
| **Adjusted Costs Total:** | **$1,700.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$35,014.65** |


**Accordingly, the undersigned awards the total of $35,014.65[11] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Anthony P. Ellis.**

The clerk of the court shall enter judgment in accordance herewith.[12]

**IT IS SO ORDERED.**

<div style="text-align:right">
<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master
</div>

---

[11] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.